**IN THE COURT OF APPEALS OF IOWA**

No. 25-1695
Filed December 17, 2025

**IN THE INTEREST OF M.B. AND C.B.,**
**Minor Children,**

**O.S., Mother,**
　　　Appellant
_____

　　　Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka,

Judge.


　　　A mother appeals the termination of her parental rights to two children.

**AFFIRMED.**


　　　Kathryn M. Conway, Dubuque, for appellant mother.

　　　Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

　　　Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, LLP,

Dubuque, attorney and guardian ad litem for minor children.


　　　Considered without oral argument by Chicchelly, P.J., and Buller and

Langholz, JJ.

**CHICCHELLY, Presiding Judge.**

A mother appeals the termination of her parental rights to two children: C.B., born in 2022, and M.B., born in 2024.[1]  She asks us for more time to address the issues that led to the children's removal, arguing that termination is not in the children's best interests.  Because clear and convincing evidence shows more time will not lead to reunification and terminating the mother's parental rights serves the children's best interests, we affirm.

### I. Background Facts and Proceedings.

The mother has a long history of alcohol and substance use and diagnoses of severe alcohol-use disorder and severe cocaine-use disorder.  Since 2018, six child abuse assessments have confirmed reports of child abuse by the mother, resulting in her placement on the child-abuse information registry.  Most of those reports involved the mother's use of alcohol or other substances.  The mother also has a record of criminal convictions involving alcohol or substance use, beginning in 2014.  The juvenile court has terminated the mother's parental rights to two older children, and she does not have custody of a third child.

In December 2024, law enforcement responded to a report that the mother was intoxicated and unable to care for her children.  The officers who went to the mother's home for a welfare check found she was "very intoxicated," almost falling while holding five-month-old M.B. and sitting on two-year-old C.B.  Less than two months later, while responding to a report of a disturbance in February 2025, officers again found the mother caring for the children while intoxicated.  C.B. was

---

[1] The court terminated the parental rights of C.B.'s father in a prior action.  At the time of the termination hearing, M.B.'s father was unknown.

naked, and M.B. was wearing only soiled diapers. A guest in the home reported that the mother had been drinking for two days, and a preliminary breath test showed the mother had a blood alcohol content of .288. The juvenile court removed C.B. and M.B. from the mother's custody after the second incident and adjudicated them in need of assistance in March.

The State filed criminal charges against the mother after the incidents in December 2024 and February 2025, including three counts of child endangerment. As a result, she has been incarcerated and had no contact with the children since February 2025. The mother later pled guilty to some of the charges and received concurrent two-year sentences. But her criminal conduct and use of alcohol and cocaine violated the terms of her probation in another criminal case, which resulted in the court revoking her probation and reinstating an eight-year prison sentence.

The State petitioned to terminate the mother's parental rights in June 2025. After a hearing, the court found the State proved the grounds for termination under Iowa Code section 232.116(1)(h) and (*l*) (2025). The mother appeals the termination order, which we review de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

**II. Discussion.**

Terminating parental rights is a three-step process. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). First, the evidence must support one of the grounds for termination under section 232.116(1). *Id.* If one of the grounds is proved, the framework described in section 232.116(2) is applied to determine whether terminating parental rights serves the children's best interests. *Id.* Finally, if one scenario described in section 232.116(3) applies, the question is whether it should

preclude termination. *Id.* We only address the steps challenged on appeal and any specific claims presented. *In re L.E.*, No. 24-1263, 2024 WL 4762849, at *2 (Iowa Ct. App. Nov. 13, 2024)

The mother does not challenge the grounds for termination found by the juvenile court, and reversal would not be warranted if she did. Her incarceration for recent criminal convictions and the probation revocation prevent us from returning the children to her custody. *See* Iowa Code § 232.116(1)(h). Even if the mother gained immediate release, the record shows the children cannot return to her custody within a reasonable time. *See id.* § 232.116(1)(*l*). Instead, the mother combines the second and third steps of the termination analysis with a request for more time to prove her capabilities as a parent. Essentially, she argues that the children's best interests are served by maintaining the parent-child relationship until she is released from prison and enrolls in substance-use treatment, which will eventually allow for the children's return to her custody.

Although Iowa Code section 232.104(2)(b) allows us to continue the children's placement if it will eliminate the need for their removal, it only allows for a continuance of up to six months. Before doing so, we must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). Based on the mother's history and the severity of her substance use, we cannot find that she will be able to resume custody of the children if we delay termination for six months. *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021)

(noting that evidence of a parent's past performance may indicate the parent's future capabilities).

We are left with the mother's argument that termination is not in the children's best interests. In determining best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). "[W]e look to the child[ren]'s long-range as well as immediate interests, consider what the future holds for the child[ren] if returned to the parents, and weigh the child[ren]'s safety and need for a permanent home." *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019) (cleaned up).

The mother's best-interests argument is based on her testimony that she and the children are "very bonded." For supporting legal authority, she cites to section 232.116(3)(c), which allows us to preserve parental rights if there is "clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]." But her reliance on section 232.116(3)(c) is misplaced. That provision applies only if clear and convincing evidence shows "that, on balance, [the closeness of the parent-child] bond makes termination more detrimental than not." *W.M.*, 957 N.W.2d at 315. The evidence does not support such a finding. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (noting the parent seeking to avoid termination under section 232.116(3) bears the burden of proof).

The record shows that the children are doing well since their removal. They are placed with a foster family who is willing to adopt them. The mother cannot

provide the children with the safety and permanency they need, now or in the foreseeable future. Terminating the mother's parental rights to allow the children to be adopted serves the children's best interests.

**AFFIRMED.**